### ALFRED IRVIN *vs.* JOHN H. GREGORY.

An action at law, praying for relief in equity, under *St.* 1853, c. 371, to enforce the specific performance of a contract, is to be treated as a suit in equity.

A bill in equity, to enforce the specific performance of a written contract to convey land on the payment of the purchase money, may be maintained without a previous tender of the money or bringing it into court; if the plaintiff has offered the defendant a sum within a trifle of the amount due, which the defendant has refused to accept; and avers his readiness to pay whatever the court shall order.

ACTION OF CONTRACT, commenced on the 29th of April 1854, praying for relief in equity under *St.* 1853, c. 371, to enforce the

specific performance of a bond, dated May 24th 1852, to convey to the plaintiff in fee a parcel of land in Marblehead for $150, on the payment by the plaintiff to the defendant of " the said consideration money of one hundred and fifty dollars on or before the expiration of five years from this date, with interest semiannually from this date until the whole shall be paid."

The declaration alleged that the plaintiff " did well and truly pay or tender to pay to said defendant the sum of one hundred and fifty dollars before the expiration of five years from the date of said bond, and did pay interest semiannually until said principal sum was paid or tendered to be paid ; that upon such payment and tender of payment, said defendant refused to convey the premises described in said bond ; and that the plaintiff has always been and still is ready to pay to said defendant any balance which is due to him, the same having been already tendered ; and that whenever this honorable court shall make any decree in the premises, he will pay over the same conformably thereto."

At the trial in Essex, the plaintiff offered to prove that on the 7th of January 1854 he paid to the defendant $107, being the interest due up to that time, and $93.50 of the principal ; and on the 1st of March following tendered to the defendant the sum of $57.42, in full for the principal and interest then remaining due ; that the defendant made no objection to the sufficiency of the amount tendered, nor any other specific objection thereto ; but refused to accept the sum offered, and said to the plaintiff, " Go away, you don't owe me anything."

The defendant objected that proof of these facts would not maintain this action ; for the reason that the sums paid and tendered did not together amount to the whole sum due to the defendant according to the terms of the bond. *Merrick*, J. took a verdict for the defendant, and reserved the question for the consideration of the full court, before whom it was argued in Essex at November term 1858.

*S. H. Phillips & J. A. Gillis*, for the plaintiff, cited 2 Story on Eq. §§ 746, 751 ; Fry on Spec. Perf. § 619 ; *Ensign* v. *Kellogg*, 4 Pick. 1 ; *Buffum* v. *Buffum*, 11 N. H. 459 ; *Brashier* v. *Gratz*.

6 Wheat. 528; 2 White & Tudor's Lead. Cas. in Eq. 405, Amer. note; *Hepburn* v. *Dunlop*, 1 Wheat. 179; *Taylor* v. *Long-worth*, 14 Pet. 172; *Parker* v. *Perkins*, 8 Cush. 318; *Tinney* v. *Ashley*, 15 Pick. 645; *Hazard* v. *Loring*, 10 Cush. 269; *Barker* v. *Parkenhorn*, 2 Wash. C. C. 142; *Bligh* v. *Ashley*, Pet. C. C. 15; *Bacon* v. *Conn*, 1 Sm. & Marsh. Ch. 348.

*J. H. Robinson*, for defendant. 1. This is an action at law, and must be governed and decided by the rules of law. *St.* 1853, *c.* 371. Rev. Sts. *c.* 81, § 7.

2. The necessary averment in the plaintiff's declaration, that he has paid or tendered to the defendant the sum due to him according to the conditions of the bond, was not supported by the proof, and therefore a verdict was rightly rendered for the defendant. *Boyden* v. *Moore*, 5 Mass. 365. *Brooks* v. *Wheelock*, 11 Pick. 439. *Bailey* v. *Metcalf*, 6 N. H. 156.

3. An offer, in the declaration, to pay whatever sum may be found due to the defendant, does not relieve the plaintiff, either in law or in equity, from the necessity of averring and proving payment or tender of payment before action brought. *Bailey* v. *Metcalf*, 6 N. H. 156. *Tirrell* v. *Merrill*, 17 Mass. 117. 2 Greenl. Ev. §§ 603–605.

SHAW, C. J.   This action was commenced in April 1854. At that time the *St.* of 1853, *c.* 371, was in force, giving remedies in equity in suits at law. It provided that certain suits, enumerating many, and, among others, " all suits for the specific performance of any written contract," should be by action of contract, setting forth the facts, and praying for relief in equity. This statute was generally regarded as by its terms superseding the proceeding by regular bill in equity, until the passage of *St.* 1855, *c.* 194, § 2, by which the option was given to proceed by bill in equity or by a declaration in an action at law.

This suit was commenced whilst the former alone of these acts was in force. It set forth a contract in writing by the defendant with the plaintiff to convey to him a parcel of land in fee, on the payment of a certain sum, at any time within five years, with interest semiannually. The suit is in form an action at law, praying relief in equity; and as specific performance

cannot be had by a judgment at law, but may be afforded in equity, we regard this action, by force of the *St.* of 1853, as a suit in equity, and that rules and principles of equity are applicable to it.

It will be perceived that by the terms of the contract, the money was to be paid at any time within five years, with interest semiannually. The time therefore was optional with the obligee for payment of the principal of the stipulated purchase money. It appears by the evidence that the three first half years' interest of the purchase money was paid and indorsed in January 1854, and before the expiration of another half year, in March 1854, the supposed tender was made. There was then no breach of the contract on the part of the plaintiff. It was not a tender in discharge of any obligation, or to save any forfeiture at law. But it was rather a declaration of readiness and a conditional offer to perform on his part, on receiving the deed from the other party.

When a strict tender of money is required, it must be an unconditional offer of the full amount due, leaving it only at the will of the other to accept it. But when, in their nature, the stipulations are, the one to pay money and the other to execute a conveyance, and no time fixed, and no provision that either is to be done first, the covenants are mutual and dependent. The one is not bound to pay, without receiving his conveyance; nor the other to part with his land, without receiving his money. The performances must be simultaneous. In such case, it is not necessary on the part of the purchaser to make a strict tender, and actually to deliver over the money unconditionally, without his deed; it is sufficient that upon reasonable notice to the owner he is ready and willing to perform, and when the performance is the payment of money, that he has the money and is able and prepared to pay, and demands the deed, and the other absolutely refuses to receive the money and execute the deed; that is a sufficient tender of performance to warrant the party so offering to maintain his action. And there may be both dependent and independent stipulations in the same agreement. *Kane* v. *Hood*, 13 Pick. 281. *Couch* v. *Ingersoll*, 2 Pick. 292.

The first of these cases is a direct authority on both points, and we think states the principles of law correctly.

In this case it appears that the plaintiff in March 1854 went to the defendant, and proposed to pay him the balance due, in order to have a conveyance of the land, according to contract. The defendant told him, " Go away, you don't owe me anything." It is true that the plaintiff owed him nothing, and the money was not tendered in payment of any debt. But it was an offer to perform on his part, and a refusal on the part of the defendant. The fact that the plaintiff had made a computation of the amount due, and tendered the specie accordingly, a fraction short of what was actually due by computation, when he was not bound to make a strict tender, does not prevent his act from being a good offer of performance, if the other party was ready to perform on his part. But making no objection to the amount, the defendant wholly refused to perform.

The same consideration is an answer to the other objection, that the money was not brought into court. When money is brought into court, with a plea of tender, it is an admission of the party bringing it that the adverse party is entitled to it, and may take it out when he pleases. But in a suit for specific performance, it is sufficient for the plaintiff to offer by his bill to bring in his money, whenever the sum is liquidated, and he has a decree for performance.

The court are therefore of opinion, that the verdict must be set aside, and the case stand for trial.